lawlibrary

FILED
SUPERIOR COURT
OF GUAM

2012 SEP -4 PM 2: 18

CLERK OF COURT
BY:_____

# IN THE SUPERIOR COURT OF GUAM

|  |  |
|---|---|
| JANICE T. AGUON,<br><br>    Plaintiff,<br><br>    vs.<br><br>VICENTE F. DUENAS,<br><br>    Defendant. | DOMESTIC CASE NO. DM0239-07<br><br>DECISION AND ORDER<br>(Defendant's Motion for Modification of<br>Custody) |

## INTRODUCTION

On May 2, 2012, this matter came before the HONORABLE VERNON P. PEREZ on Defendant's Motion for Modification of Custody. Attorney Daniel S. Somerfleck represented Defendant. Attorney Jacqueline T. Terlaje represented Plaintiff. The Court took the motion under advisement. After having heard the parties' arguments, considering the parties' pleadings and the record, the Court now issues the following Decision and Order.

## BACKGROUND

The Parties share one minor child, Madison Irene Duenas ("Madison"), female born on July 19, 1998. In 2007, Plaintiff requested custody of the minor and the Parties subsequently entered into a Stipulated Judgment on Custody granting Plaintiff primary physical custody. According to the stipulated judgment filed November 16, 2007, Defendant has physical custody of Madison on Mondays and Wednesdays after school and on alternating weekends. Both Parties retain joint legal custody of Madison.

On March 28, 2011, Defendant filed Notice of Motion to Modify Custody and Memorandum of Points and Authorities. Plaintiff filed Opposition to Motion to Modify Custody on May 4, 2011.

## DISCUSSION

Defendant moves to modify the original custody arrangement so that he has primary custody of Madison.

The Court has jurisdiction pursuant to 19 GCA § 8404. Under Section 8404, "[a] Court may modify a custody arrangement whenever 'the best interests of the child require or justify such modification.'" *Lanser v. Lanser*, 2003 Guam 14 ¶ 9 (quoting 19 GCA 8404(f) (1994)). "'[T]o justify ordering a change in custody there must generally be a persuasive showing of changed circumstances affecting the child.'" *Lanser*, 2003 Guam 14 at ¶ 9 fn.2 (citing *In re Marriage of Carney*, 598 P.2d 36, 38 (Cal. 1979)). The change must be substantial, and custody will not be disturbed "unless the material facts and circumstances occurring subsequently are of a kind to render it essential or expedient for the welfare of the child that there be a change." *In re Marriage of Carney*, 598 P.2d at 38 (citation omitted). "The rationale behind this rule is that 'it is desirable that there be an end of litigation and undesirable to change the child's established mode of living.'" *Lanser*, 2003 Guam 14 at ¶ 9 (citation omitted). Also, in rendering this decision, the Court is mindful of the legislative preference for preservation of the family life by including both parents in the lives of their children. This legislative policy is set forth more succinctly in Section 8404(h) which provides in pertinent part:

> It is legislative policy that children spend as much time with each of their parents as possible, when the parents are not living together. Therefore, in determining visitation of minor children on Guam with non-custodial parents living on Guam, the court shall, to the greatest degree possible, order visitation for minor children (pendente lite and permanently) with non-custodial parents such that the children spend more or less equal amounts of time. . . .

19 GCA § 8404(h) (2012). Section 8404(c) states that "[i]f a child is of sufficient age and capacity to reason, so as to form an intelligent preference, his wishes as to custody shall be considered and be given due weight by the court." 19 GCA § 8404(c) (2012).

Guam case law has likewise echoed this legislative policy of preservation the family life by including both parents in the lives of their children. In *Lanser*, the Supreme Court stated that it had previously noted that "'Title 19 of the Guam Code Annotated, read as a whole, reflects the legislature's underlying policy that whenever possible, the sanctity of family life should be preserved by the inclusion of both parents in the lives of their children.'" 2003 Guam 14 at ¶ 12 (quoting *Flores v. Cruz*, 1998 Guam 30 ¶ 11). However, Guam case law has clearly delineated this legislative preference for both joint legal and joint physical custody arrangements is "always secondary to the best interests of the child." *Flores*, 1998 Guam 30 at ¶ 12. The Supreme Court went further holding that "when joint physical custody is awarded, the preference for equal time is also secondary to the best interests of the child." *Howerton v. Howerton*, 2004 Guam 8 ¶ 20. Lower courts should look to the factors set forth in 19 GCA § 8404(h) for guidance, as well as cases from other jurisdictions. *Id.* at ¶¶ 23-24. The Supreme Court set forth the following factors, found in section 8404(h): "the child's welfare, the parents' willingness to accept visitation, the parents' fitness, the child's schooling, the parents' jobs and the child's extra-curricular activities." *Id.* at ¶ 25.

Defendant asserts he does not believe it is in Madison's best interest for Plaintiff to maintain primary physical custody. First, Defendant indicates Plaintiff's recent relationship and practices have resulted in deceptive actions by Madison. Defendant notes Plaintiff left off island and left Madison in her godmother's custody without informing Defendant of her departure. Defendant contends Madison was instructed by Plaintiff to withhold this information

from him. Defendant adds he has noticed a disturbing trend regarding his daughter's education, specifically he report card indicates she was absent five (5) times during the first half of the year and tardy fifteen (15) times.

Plaintiff argues the Court should consider how successful the present custodial arrangement has been for Madison. Madison has been involved in extracurricular sports, which provide for her mental and physical wellbeing. Madison maintains a 3.8 grade point average and satisfactory school behavior. No disciplinary problems are noted by Defendant in his Declaration with the minor child, as she is not a disciplinary problem. Plaintiff also notes Defendant does not point to any deficiencies in the home environment, other than Madison's eating habits, Plaintiff's romantic associations, and the limited instance in which Plaintiff allowed Madison's godmother to care for her.

The Department of Public Health and Social Services (DPHSS) completed and submitted a Custody Study on March 19, 2012. In that report, it was noted Plaintiff and Defendant provide proper care and unconditional love to their daughter. It was also noted Madison expressed wanting to maintain the current custodial arrangement. The social worker's final recommendation was that Plaintiff and Defendant receive joint legal and physical custody or allow Madison to meet with each parent one week at a time, which would provide a more consistent schedule for all involved.

The Court must initially determine whether there has been a substantial change in circumstances, which would warrant modification of the original custody arrangement. If a substantial change in circumstances exists, then the Court must determine whether the modification is in the best interest of the child. The Court seeks to honor the stipulated judgment but will adjust custody where the best interests of the child dictates otherwise.

After reviewing the record, the Court finds Defendant has not met his burden of proving a substantial change in circumstances has occurred. It does not appear Madison's living conditions have changed, and the Court is not persuaded that Plaintiff's temporary departure or vacation requires a custody change. Furthermore, although this Court finds being tardy fifteen (15) in the first half of the school year excessive, there is no evidence to prove Plaintiff is solely responsible.

As for Madison's best interests, she has lived under the current custody arrangement for almost five (5) years and maintains visitation and communication with both parents regularly. She has grown accustomed to the schedule and desires to keep the custody arrangement. She is fourteen (14) years old, and the Court will give due respect to her wishes regarding custody. A high school student would do well with consistency and predictability in her schedule. The Court believes Madison is comfortable and happy with the current custody arrangement and nothing in the record indicates that either Party is an unfit parent. She maintains good grades, is a member of the National Junior Honor Society, and is involved in sports.

Having considered the statute and legislative policies set forth in Title 19 GCA § 8404, as well as relevant case law, the Court finds it is in the best interest of the child to maintain the current custody arrangement, and there does not appear to be a change of circumstances sufficient to warrant a change of the current custody arrangement. The Court therefore finds that Defendant's proposed modification of the stipulation an order is not in the best interest of the minor child. DPHSS's recommendation to change the current custody arrangement does not go unnoticed. However, the Court's decision is based on what is in the best interests of the child.

The Court finds both parties shall continue with the current custody arrangement, as set forth in the current Stipulation and Order. The parties are encouraged to work that out together, keeping in mind Madison's best interests.

## CONCLUSION

Based on the foregoing reasons, the Court DENIES Defendant's Motion to Modify Custody.

So ORDERED this ___4th___ day of September, 2012.

HONORABLE VERNON P. PEREZ
JUDGE, SUPERIOR COURT OF GUAM